UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 22-10033-FDS |
| KEVIN RICHARDS,      Defendant. | ) ) ) ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**SAYLOR, C.J.**

WHEREAS, on February 9, 2022, the United States Attorney for the District of Massachusetts filed a Three-Count Information charging defendant Kevin Richards, (the "Defendant"), with Receipt of Unlawful Gratuity by a Public Official, in violation of 18 U.S.C. § 201(c)(1)(B) (Count One); and False Statements, in violation of 18 U.S.C. § 1001(a)(2) (Counts Two and Three);

WHEREAS, the Information also included a Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One, of any property, real of personal, which constitutes or is derived from proceeds traceable to the offense;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the

value of such assets, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p);

WHEREAS, on March 29, 2022, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a written plea agreement that the Defendant signed on February 23, 2022;

WHEREAS, in Section 6 of the plea agreement, the Defendant agreed to forfeit $10,250 in United States currency, to be entered in the form of an Order of Forfeiture (Money Judgment) on the grounds that such amount is equal to the amount of proceeds Defendant derived from Illegal Gratuity offense (Count One);

WHEREAS, based on the Defendant's admissions in the written plea agreement and guilty plea on March 29, 2022, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $10,250, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $10,250, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, pursuant to Rule 32.2(b)(3) of the Federal Rules

of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), conduct discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

Dated: 5/3/2022

/s/ F. Dennis Saylor, IV
F. DENNIS SAYLOR IV
Chief, United States District Judge